IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

FILED
IN OPEN COURT

JUL 2 7 2023

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | Case No. 1:23-CR-124 |
| JAMES WHITNEY, | Count 1: 18 U.S.C. § 2252(a)(2) & (b)(1) Receipt of Child Pornography |
| _Defendant._ | Count 2: 18 U.S.C. § 1466A(a)(1) & (d)(1), (d)(4) Receipt of Obscene Visual Representations of the Sexual Abuse of Children |
| | Count 3: 18 U.S.C. § 2252(a)(4)(B) & (b) (2) Possession of Child Pornography |
| | Forfeiture Notice |

**INDICTMENT**

July 2023 Term – at Alexandria, Virginia

**COUNT ONE**
(Receipt of Child Pornography)

THE GRAND JURY CHARGES THAT:

From at least on or about March 25, 2018, through on or about May 26, 2022, within the Eastern District of Virginia and elsewhere, the defendant, JAMES WHITNEY, knowingly received and attempted to receive one or more visual depictions using a means and facility of interstate and foreign commerce, and that had been transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means, including by computer; and the producing of such visual depictions involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct,

namely: visual depictions of actual minors engaged in sexually explicit conduct that WHITNEY received and attempted to receive via the internet.

(In violation of Title 18, United States Code, Section 2252(a)(2) & (b)(1).)

## COUNT TWO

**(Receipt of Obscene Visual Representations of the Sexual Abuse of Children)**

THE GRAND JURY FURTHER CHARGES THAT:

From at least on or about October 5, 2020, through on or about May 26, 2022, within the Eastern District of Virginia and elsewhere, the defendant, JAMES WHITNEY, knowingly received and attempted to receive one or more obscene visual depictions that depict a minor engaging in sexually explicit conduct, that is, computer-generated images and videos of children being raped and sexually abused, which visual depictions were transported in interstate and foreign commerce by any means, including by computer, and were produced using materials that had been shipped and transported in interstate or foreign commerce by any means, including by computer; and a means and instrumentality of interstate and foreign commerce was used in committing and in furtherance of the commission of the offense.

(In violation of Title 18, United States Code, Section 1466A(a)(1) & (d)(1), (d)(4).)

3

## COUNT THREE
### (Possession of Child Pornography)

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 26, 2022, in Fairfax, Virginia, within the Eastern District of Virginia, the defendant, JAMES WHITNEY, knowingly possessed at least one matter containing one or more visual depictions that had been transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which was produced using materials which had been so shipped and transported, by any means, including by computer; and the producing of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct, including, but not limited to, images of minors engaging in sexually explicit conduct that WHITNEY altered to appear as though the minors were located in his residence and elsewhere.

It is further alleged that at least one visual depiction involved in the offense involved a prepubescent minor, and a minor who had not attained 12 years of age.

(In violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).)

4

## FORFEITURE NOTICE

THE GRAND JURY HEREBY FINDS PROBABLE CAUSE THAT:

1. Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendant, JAMES WHITNEY, is hereby notified that, if convicted of either the violations in Counts One and Three of this Indictment, WHITNEY shall forfeit to the United States the following property as part of the sentencing:

   a. any matter which contains any visual depiction described in Title 18, U.S. Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18 of the U.S. Code;

   b. any property, real or personal, used or intended to be used to commit or to promote the commission of Counts 1 or 3 of this Indictment, or any property traceable to such property; and

   c. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the commission of Counts 1 or 3 of this Indictment.

2. Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendant, JAMES WHITNEY, is hereby notified that, if convicted of the violation in Count Two of this Indictment, WHITNEY shall forfeit to the United States the following property as part of the sentencing:

   a. any obscene material produced, transported, mailed, shipped, or received in violation of Chapter 71 of Title 18 of the United States Code;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the violation in Count 2; and

5

    c.   any property, real or personal, used or intended to be used to commit or to promote the commission of the violation in Count 2.

3. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, U.S. Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

4. The property subject to forfeiture includes, but is not limited to, the following:

    a.   HorneterServerSlot2-Seagate6TBHD-30.E01 (S/N: ATQ200700765)

    b.   DellOptiplex-1TBKingDianSSD-16.E01 (S/N: S8K1943104)

    c.   DellStudioXPS-2TBToshiba-13.E01 (S/N: Z7I94ADAS)

    d.   LacieHD-500GB-23.E01 (S/N: ST3500830AS)

    e.   Seagate6TB-HD-19.E01 (S/N: ZF204Z01)

    f.   Inland-240GB-SSD-21.E01 (S/N: 18011224001860)

    g.   Inland-1TBSSD-22.E01 (S/N: 19042910241729)

    h.   SeagateExternal-5TBHD.E01 (S/N: NA4X1185R)

    i.   WD-1TB-HD-9.E01 (S/N: WD-WCAU4110062)

    j.   SeagateExternal-8TB-14.E01 (S/N: NAAAQ32W)

    k.   Inland-120GB_SSD-15.E01 (S/N: 19013012000412)

    l.   HPProDesk-500GBSeagate-26.E01 (S/N: 2UA5010M7B), removed from HP Tower Pro Desk 40061 (S/N: 2UA5010M7B)

    m.   HorneterServerSlot2-Seagate4TBHD-29.E01 (S/N: Z304S9SM), removed from Hornette Enterprise NAS (S/N: ATQ180921873)

    n.   HorneterServerSlot3-Seagate4TBHD-30.E01 (S/N: Z304VLWQ), removed from Hornette Enterprise NAS (S/N: ATQ200700765)

6

o. ToshibaExternal-3TBHD-24.E01 (S/N: 5Q0AKG2W)

p. Toshiba-3TB-HD-25.E01 (S/N: DT01ACA300)

q. HorneterServerSlot3-Toshiba6TBHD-31.E01 (S/N: Z7G1KJ0NF56D), removed from Hornette Enterprise NAS (S/N: AT2161105770)

r. WD-500GB-HD-11.E01 (S/N: WCAS81660403)

s. DellOptiplex-2TBSeagateHD-16.E01 (S/N: 6XW0EVCQ), removed from a Dell OptiPlex Tower 9020 (Service Tag: 4DRSCZ1)

t. HorneterServerSlot1-Toshiba5TBHD-29.E01, (S/N: Z77RK1GEF57D) removed from Hornette Enterprise NAS (S/N: ATQ180921873)

(In accordance with Title 18, United States Code, Sections 1467 and 2253; Title 21, United States Code, Section 853(p); and Fed. R. Crim P. 32.2.)

A TRUE BILL

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _Rachel L. Rothberg_
Rachel L. Rothberg
Special Assistant United States Attorney (LT)

7