IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

SEP 11 2023

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:23-CR-124 |
| v. | The Honorable Patricia T. Giles |
| JAMES ANDREW WHITNEY, | |
| *Defendant.* | |

STATEMENT OF FACTS

The United States and the defendant, JAMES ANDREW WHITNEY, agree that the United States would have proven at trial beyond a reasonable doubt and with admissible and credible evidence that, from at least on or about March 25, 2018, through on or about May 26, 2022, within the Eastern District of Virginia and elsewhere, the defendant used a means or facility of interstate or foreign commerce to knowingly receive visual depictions of minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(1) & (2), the production of which involved the use of a minor engaging in such conduct.

The United States and the defendant further agree that the United States also would have proven at trial beyond a reasonable doubt and with admissible and credible evidence that, from at least on or about October 5, 2020, through on or about May 26, 2022, within the Eastern District of Virginia and elsewhere, the defendant used a means or facility of interstate or foreign commerce to knowingly receive obscene visual depictions that depict a minor engaging in sexually explicit conduct, that is, computer-generated images and videos of children being raped and sexually abused.

1

The United States and the defendant further agree that the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. Since at least April 2018, from his home in Fairfax, Virginia, within the Eastern District of Virginia, the defendant used an Internet-based peer-to-peer file-sharing service (Platform A)[1] on various devices to seek out and download child sexual abuse material (CSAM). In 2021, law enforcement learned that the defendant had been requesting child pornography[2] files via Platform A. Law enforcement identified the defendant through his Internet Protocol (IP) address.

2. On May 26, 2022, law enforcement executed a federal search warrant at the defendant's residence in Fairfax, Virginia. During the residential search, law enforcement seized multiple devices. The devices were subsequently forensically examined. Multiple devices contained CSAM, or evidence that the defendant used the devices to download such contraband. These devices containing CSAM were manufactured outside of the Commonwealth of Virginia, and thus had, at the time of the seizure, been shipped or transported in interstate or foreign commerce. Moreover, each device belonged to the defendant and was used solely by him.

3. After the residential search, law enforcement conducted a digital forensic examination of the defendant's devices. The digital forensic analysis revealed that the defendant accessed Platform A to download CSAM files from at least on or about March 25, 2018, through on or about May 26, 2022. The defendant also used Platform A to download thousands of obscene

---

[1] Platform A is known to the parties and to the Court.
[2] As used herein, "child pornography" is defined, in relevant part, as "any visual depiction . . . of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." *See* 18 U.S.C. § 2256(8). In the Statement of Facts, "child pornography" is used interchangeably with "child sexual abuse material" (CSAM).

visual representations of the sexual abuse of minors from at least on or about October 5, 2020, through on or about May 26, 2022.

4. Specifically, the devices contained video and image files depicting minors engaging in sexually explicit conduct, as well as obscene visual representations of the sexual abuse of children. The defendant's CSAM collection included images of prepubescent minors and minors who had not attained the age of 12 years engaging in sexually explicit conduct. Some examples of the contraband files on the defendant's device are as follows:

a. A video file in the AVS4YOU Video Editor Software that depicts the sexual abuse and exploitation of a prepubescent minor female being vaginally penetrated by an adult male.

b. A 46-minute video file of an 8-year-old female engaging in oral and vaginal sex with an adult male. The defendant possessed storyboards[3] relating to this victim, among other forensic evidence.

c. In some still images, the same prepubescent female victim is bound by the wrists in a BDSM-fashion. This image was obtained from a forum associated with Platform A, and law enforcement observed the defendant request a CSAM video of the same victim on Platform A in July 2021.

d. A series of images involving a prepubescent minor female engaging in vaginal and oral intercourse with a blurred adult male.

e. A contact sheet[4] titled, in part, "Playground Pickup." This is a computer-generated (CG) set of images depicting a prepubescent minor who is eating a lollipop at a

---

[3] A storyboard is a series of still frames from a video. These frames are equally spaced and preview the content of the entire video for the viewer.

[4] A contact sheet, which comes from film photography, contains all the thumbnail images contained within a particular set.

playground when an adult male abducts her, ties her up, gags her, and then rapes her. All the images and videos in these folders appeal to the prurient interest and depict the sexual abuse and rape of children in a patently offensive way. Moreover, they lack any artistic, scientific, or literary merit.

5. Forensic artifacts, including LNK Files[5], Jump Lists[6], and Shellbags[7], showed that the defendant viewed many CSAM and obscene files on multiple devices while at his home in the Eastern District of Virginia.

6. In addition, since as early as April 2010, the defendant used certain prepubescent female minors to create projects from his home in Fairfax, within the Eastern District of Virginia. The defendant downloaded from the internet images of prepubescent female minors displaying their genitals. These images had been transported by a computer by way of interstate commerce and were stored on the some of the defendant's devices described in Paragraph 2. He photoshopped the naked victims into scenes around his house. For instance, the defendant created a series of images narrating a sexual encounter between himself and a prepubescent minor female. Some of the images lasciviously display the victim's genitals.

* * * * *

7. This Statement of Facts includes those facts necessary to support the plea to the three counts in the indictment. It does not include each and every fact known to the defendant or

---

[5] Link (LNK) files are automatically created by the Windows operating system when a user views or accesses files on a computer.

[6] Also known as Automatic Destinations, Jump Lists provide the Windows user quick access to recently opened files for specific applications in the Windows Task Bar. Automatic Destinations are created by the operating system when the user performs an action such as opening a file or playing a video.

[7] The Microsoft Windows operating system tracks changes in the view, sizes, and positions of a folder window when a user views the folder through the Windows File Explorer program. This information is stored in a file named "UsrClass.dat". The existence of an entry, also known as a shellbag, is evidence that the computer user navigated to a folder and altered the way the contents of the folder are displayed.

to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

8. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Nathaniel Wenstrup,
Counsel for James Whitney

Date: September 11, 2023      By: _____
Nathaniel Wenstrup
Assistant Federal Public Defender
VA Bar No. 96324
1650 King Street, Ste. 500
Alexandria, VA
703.600.0825
Nate_wenstrup@fd.org

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
JAMES ANDREW WHITNEY

I am Nathaniel Wenstrup, the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Nathaniel Wenstrup, Esq.
Attorney for JAMES ANDREW WHITNEY